UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEROSOLS DANVILLE INC. D/B/A VOYANT BEAUTY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KIK CUSTOM PRODUCTS INC.,<br><br>　　　　　　　　　　Defendant. | No. ___ cv _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiff Aerosols Danville Inc. d/b/a Voyant Beauty ("Voyant" or "Plaintiff"), by its undersigned attorneys, for its complaint against Defendant KIK Custom Products Inc. ("KIK" or "Defendant") alleges as follows:

　　　　1.　　This action arises from the Defendant's multiple breaches of the parties' contract for the supply of household aerosol products.

　　　　2.　　Defendant failed to pay for finished aerosol bottles Voyant delivered to Defendant.

　　　　3.　　Defendant failed to pay for raw materials Voyant purchased at Defendant's request.

　　　　4.　　Defendant directed Voyant to order certain materials and then failed to compensate Voyant when delays in the shipments of those materials disrupted Voyant's production schedule.

　　　　5.　　Voyant seeks damages of no less than $1.6 million arising from these breaches.

## JURISDICTION AND VENUE

　　　　6.　　This Court has personal jurisdiction because the Defendant agreed to submit to jurisdiction in the state of New York. This action arises out of a contract, the Inter-Company Master Service Agreement, effective September 1, 2019, which includes a forum selection clause that designates this Court as the exclusive forum for disputes "related to or arising out of the

MSA."

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity is present.

8. Voyant is a Texas corporation with a principal place of business in Illinois. Accordingly, Plaintiff is a citizen of Texas and Illinois.

9. KIK is a Delaware corporation with a principal place of business in Ontario, Canada. Accordingly, Defendant is a citizen of Delaware.

10. The amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1319(b)(3) because Defendant is subject to personal jurisdiction and because the parties agreed that "venue shall reside exclusively in the United States District Court for the Southern District of New York."

## THE PARTIES

12. Plaintiff Voyant is a Texas corporation that manufactures bottled aerosol products. Voyant maintains its principal place of business in Danville, Illinois.

13. Defendant KIK is a Delaware corporation that sells consumer products, including household, pool, and auto consumer products, to major retailers. KIK's principal place of business is in Ontario, Canada.

## FACTS COMMON TO ALL CLAIMS

A. **The Master Services Agreement**

14. In 2019, KIK engaged Voyant to manufacture aerosol products.

15. KIK and Voyant entered into an Inter-Company Master Service Agreement, effective September 1, 2019, which the parties amended on two occasions (the "MSA").

16. The MSA entitled KIK to purchase aerosol products from Voyant by submitting purchase orders.

17. Upon Voyant's acceptance of a purchase order, the purchase order becomes binding upon Voyant and KIK.

18. The terms of the MSA are incorporated in each purchase order.

19. By its terms, the MSA terminated on December 31, 2022.

**B.**   **KIK Cancels Orders and Fails to Pay for Unused Materials and Components**

20. In early 2022, pursuant to the MSA, KIK submitted purchase orders for certain aerosol products, including manual air, metered air, disinfectants, and cleaning products.

21. Voyant accepted the orders.

22. To fulfill KIK's orders, Voyant purchased, at its expense, raw materials and components from third-party vendors.

23. In or about February 2022, Voyant contacted KIK to discuss preparing for the termination of the MSA at the end of 2022. Voyant notified KIK that it intended to close its manufacturing facility in Danville, Illinois when the MSA was scheduled to terminate.

24. Voyant worked with KIK to adjust the production schedule to get KIK the products it needed before the Danville plant closed and the MSA expired.

25. On or about May 18, 2022, Voyant advised KIK that there would be no suitable plant in its network to accommodate KIK's business after the Danville plant closed, foreclosing any possibility of extending the MSA into 2023 or entering into a new agreement after the MSA's termination.

26. Shortly thereafter, KIK canceled most of its existing orders.

27. Upon information and belief, KIK canceled the orders because it lost a major

customer account.

28. Voyant attempted to issue new, different orders.

29. Voyant was able to accept some of the new orders but not others.

30. Voyant reminded KIK that, under the MSA, KIK was obligated to pay for any unused raw materials and components associated with the canceled orders.

31. At KIK's request, Voyant attempted to reallocate the raw materials and components from the canceled orders for use in KIK's other orders. However, Voyant was unable to reallocate all such materials and components.

32. As an accommodation to KIK, Voyant covered the cost of $101,000 in materials and components that were not used.

33. The balance of unused raw materials and components that Voyant had procured in connection with KIK's canceled orders cost a total of $870,851.99.

34. Pursuant to the MSA, Voyant issued invoices to KIK for this amount.

35. To date, KIK has refused to pay these invoices.

C. **KIK Fails to Pay for Other Materials**

36. KIK also failed to pay for other unused materials and components.

37. When the MSA terminated on December 31, 2022, Voyant had in its possession $193,788.60 in excess raw materials and components that Voyant had procured at KIK's direction.

38. Voyant had also procured $260,149.60 in metal cans as part of a buyer-directed purchase for KIK's metered air products. The cans were not used because they were defective.

39. KIK also supplied an insufficient quantity of different metal cans for use in its orders of cleaning products. Because of the shortage of cans, Voyant found itself with an excess

of $63,937.36 in other materials that could not be used.

40. KIK also supplied labels that did not meet the quality assurance standards set forth in the MSA.

41. As a consequence of being unable to use all of KIK's labels for the products KIK ordered, Voyant was left with an excess of $51,515.55 in other materials that could not be used.

42. Under the MSA, KIK is obligated to pay for unused materials that Voyant procured for KIK's orders.

43. Voyant issued to KIK a total of $569,391.11 in invoices for these unused raw materials.

44. To date, KIK has not paid these invoices.

**D.     KIK Causes a Disruption to Voyant's Manufacturing Line**

45. In October 2022, Voyant was scheduled to manufacture oven cleaner products for KIK's purchase order.

46. KIK had directed Voyant to purchase cans and labels for the oven cleaner products from a vendor chosen by KIK.

47. The vendor failed to deliver the cans and labels by the date Voyant was scheduled to manufacture the products.

48. This delay disrupted Voyant's manufacturing line.

49. As a consequence of the disruption, Voyant incurred costs of $105,450 for lost production and labor.

50. Pursuant to the MSA, KIK is obligated to compensate Voyant for these costs.

51. To date, KIK has not compensated Voyant for these costs.

E. **KIK Failed to Pay Invoices for Finished Manual Air Products**

52. On August 1, 2022, KIK sent Voyant Purchase Order No. 565565 for manual air products.

53. Voyant manufactured and delivered the manual air products in response to Purchase Order No. 565565.

54. On or about August 4, 2022, Voyant sent KIK an invoice for $77,106.59 for the manual air products.

55. To date, KIK has failed to pay this invoice.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(Failure to Pay for Materials Under the MSA)**

56. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

57. Voyant and KIK entered the MSA, which is a valid, enforceable agreement.

58. Voyant performed its obligations under the MSA and the associated purchase orders that had been issued and accepted.

59. Among other things, Voyant procured raw materials and components pursuant to the MSA at KIK's direction and consistent with KIK's forecasted volumes.

60. Under the MSA, KIK is obligated to pay for unused materials Voyant procured for KIK's orders.

61. KIK breached the MSA in the following ways:

   a. Failing to pay for $870,851.99 in raw materials and components that Voyant purchased for orders that KIK canceled.

   b. Failing to pay for $309,241.51 in excess materials that could not be used or allocated to other products.

      c.   Failing to pay for $260,149.60 in defective cans that could not be used.

62.   By reason of KIK's breaches, Plaintiff has been damaged in an amount to be determined at trial but no less than $1,440,243.10.

### SECOND CLAIM FOR RELIEF
### BREACH OF CONTRACT
**(Failure to Pay for Manufacturing Line Disruption Caused by Delayed Materials Under the MSA)**

63.   Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

64.   Under Section 1.3 of the MSA, KIK is obligated to pay $1,000 per hour of downtime caused by KIK's interruption of production.

65.   Under Section 11.2 of the MSA, KIK is obligated to indemnify Voyant for any damages caused by buyer-directed and buyer-supplied materials.

66.   During the production of oven cleaner products for KIK, Voyant's manufacturing line was disrupted because of a delayed buyer-directed component.

67.   With the manufacturing line out of service, Voyant incurred labor costs and lost revenue.

68.   KIK breached the MSA by refusing to pay for the downtime and refusing to indemnify Voyant for the damages.

69.   As a consequence of KIK's breaches, Voyant has been damaged in an amount to be determined at trial but no less than $105,450.

### THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT
**(Failure to Pay for Finished Goods Under the MSA and Purchase Order)**

70.   Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

71. Pursuant to the MSA, KIK issued Purchase Order No. 565565.

72. Plaintiff and KIK had an express contract, as confirmed by Purchase Order No. 565565, and Plaintiff's signed invoice, dated August 4, 2022, pursuant to which KIK agreed to pay Plaintiff for bottled aerosol products.

73. Plaintiff performed under its agreement with KIK by manufacturing and delivering the bottled aerosol products specified in Purchase Order No. 565565.

74. KIK breached the agreements with Plaintiff by failing to pay Plaintiff's invoice.

75. By reason of KIK's breach, Plaintiff has been damaged in an amount to be determined at trial but no less than $77,106.59.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For damages in an amount to be determined at trial not less than $1,622,799.69, plus interest, attorneys' fees, and costs;

2. For such other and further relief as the Court may deem just and proper.

Dated: June 21, 2023
New York, New York

                      **SHER TREMONTE LLP**

                      */s/ Justin M. Sher*
                      Justin M. Sher
                      Robert C. Penn Jr.
                      90 Broad Street, 23rd Floor
                      New York, New York 10004
                      Tel: 212.202.2600
                      Fax: 212.202.4156
                      Email: jsher@shertremonte.com
                              rpenn@shertremonte.com

                      *Attorneys for Plaintiff*
                      *Aerosols Danville Inc. d/b/a Voyant Beauty*