**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AEROSOLS DANVILLE INC.
D/B/A VOYANT BEAUTY,

       Plaintiff,

against

KIK CUSTOM PRODUCTS INC.,

       Defendant.

NO.: 23 Civ. 05236 (JMF)(VF)

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

  **WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

  1. Counsel for any party (the "Disclosing Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

  2. A Disclosing Party may designate any document or information, in whole or in part, as highly confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise particularly highly sensitive ("Highly Confidential Information"). Information and documents designated by a party as confidential will be stamped "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

  3. The Confidential Information and Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

  4. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. A person to whom the Confidential Information was shared at the time the

    document so indicates. The parties may disclose any such Confidential Information to such a person in connection with such person's deposition;

  d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

  e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. All documents designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

  a. Outside counsel for the requesting party;

  b. Employees of such counsel assigned to and necessary to assist in the litigation; and

  c. A person to whom the Highly Confidential Information was shared at the time the document so indicates. The parties may disclose any such Highly Confidential Information to such a person in connection with such person's deposition;

  d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

  e. The Court (including the mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court).

6. If a party contends that any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" should not be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Confidentiality Agreement, it shall notify the Disclosing Party of that fact in writing within fourteen (14) days from its receipt and shall provide the basis for its challenge to the designation on a document-by-document basis. Any challenged designation shall remain until the dispute regarding the designation has been resolved.

7. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Highly Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information or Highly Confidential Information.

8. Prior to disclosing or displaying the Confidential Information or Highly Confidential to any consultants or experts assisting in the prosecution or defense of the matter,

counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9.    In the case of depositions or other pretrial testimony, the following procedures shall be followed:

    a.    The party who notices any deposition shall provide a copy of this Order to both the officer reporting the deposition and (if applicable) the videographer.

    b.    Designation of the portion of the transcript (including exhibits) that contains Confidential or Highly Confidential Information shall be made either (a) by a statement to such effect on the record in the course of the deposition or (b) upon review of such transcript by counsel of record for the Disclosing Party, if counsel notifies opposing counsel of record of the designation within fifteen (15) business days after counsel's receipt of the transcript. In connection with such a notification pursuant to this paragraph, counsel shall list the numbers of the pages of the transcript containing Confidential or Highly Confidential Information and provide the transcript to counsel of record for all parties.

    c.    If no designation is made on the record, the transcript shall be presumptively Confidential Information for a period not to exceed fifteen (15) business days from the date of receipt of the transcript by counsel of record for each of the parties herein, unless prior to the expiration of this fifteen (15) business day period, counsel shall designate any portion of the transcript as containing Confidential Information or Highly Confidential Information, in the manner prescribed in this provision. Upon the expiration of this fifteen (15) business day period, any portions of the transcript not so designated shall be considered not to contain any Confidential Information or Highly Confidential Information.

    d.    If any party desires at trial or at a hearing to offer into evidence Confidential Information or Highly Confidential Information, or to use Confidential Information or Highly Confidential Information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such Confidential Information or Highly Confidential Information, which may

include the offering of such Confidential Information or Highly Confidential Information outside the presence of persons other than court personnel, counsel of record, and persons permitted access to such Confidential Information or Highly Confidential Information under and subject to the terms of this Order. A party may not seek to have evidence excluded at trial or any public hearing on the basis of this Order.

10. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential. If so designated, the document or information shall thenceforth be treated as Confidential Information or Highly Confidential Information subject to all the terms of this Stipulation and Order.

11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

14. At the conclusion of litigation, Confidential Information, Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15. Nothing herein shall preclude the parties from disclosing material designated to

be Confidential Information or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

| SHER TREMONTE LLP | SIDLEY AUSTIN LLP |
|---|---|
| /s/ Robert C. Penn Jr. | /s/ Francesca E. Brody |
| Justin M. Sher | Nicholas P. Crowell |
| Robert C. Penn Jr. | Francesca E. Brody |
| 90 Broad Street, 23rd Floor | Brian C. Earl |
| New York, New York 10004 | 787 Seventh Avenue |
| Tel: (212) 202-2600 | New York, NY 10019 |
| Fax: (212) 202-4156 | Tel.: (212) 839-5300 |
| Email: jsher@shertremonte.com | Fax: (212) 839-5599 |
| rpenn@shertremonte.com | Email: ncrowell@sidley.com |
|  | fbrody@sidley.com |
|  | bearl@sidley.com |
| *Attorneys for Plaintiff and Counterclaim Defendant Aerosols Danville Inc. d/b/a Voyant Beauty* | *Attorneys for Defendant and Counterclaim Plaintiff KIK Custom Products Inc.* |

Dated: New York, New York
February 9, 2024

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

SO ORDERED.

_____
Hon. Jesse M. Furman
United States District Judge

February 12, 2024